# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD PADOLF, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>    Defendant. | CIVIL NO. 2:22-cv-00007-CB-LPL<br><br>U.S. District Judge Cathy Bissoon<br>U.S. Magistrate Judge Lisa Pupo Lenihan<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>Filed on Behalf of Plaintiff Ronald Padolf<br><br>Counsel of Record for Plaintiff:<br><br>Edwin J. Kilpela, Jr. (PA 201595)<br>Elizabeth P. Avery (PA 314841)<br>**LYNCH CARPENTER LLP**<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222<br>Tel.: 412.322.9243<br>Fax: 412.231.0246<br>ekilpela@lcllp.com<br>elizabeth@lcllp.com<br><br>William M. Radcliffe (PA 18148)<br>**RADCLIFFE LAW, L.L.C.**<br>648 Morgantown Road, Suite B<br>Uniontown, PA 15401<br>Tel.: 724.439.3939<br>Fax: 724.439.3949<br>wmr@radlaw.net<br><br>Kevin W. Tucker (PA 312144)<br>Kevin Abramowicz (PA 320659)<br>Chandler Steiger (PA 328891)<br>Stephanie Moore (PA 329447)<br>**EAST END TRIAL GROUP, LLC**<br>6901 Lynn Way, Suite 215<br>Pittsburgh, PA 15208<br>Tel: 412.223.5740<br>ktucker@eastendtrialgroup.com<br>kabramowicz@eastendtrialgroup.com<br>csteiger@eastendtrialgroup.com<br>smoore@eastendtrialgroup.com |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD PADOLF, individually and on behalf of all others similarly situated, | |
| Plaintiff, | CIVIL NO. 2:22-cv-00007-CB-LPL |
| v. | U.S. District Judge Cathy Bissoon |
| | U.S. Magistrate Judge Lisa Pupo Lenihan |
| UNITED SERVICES AUTOMOBILE ASSOCIATION, | CLASS ACTION |
| Defendant. | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Ronald Padolf ("Plaintiff"), by his undersigned counsel, brings this first amended class action complaint against Defendant United Services Automobile Association ("USAA"), individually and on behalf of himself and all others similarly situated.

### SUMMARY OF THE ACTION

1. USAA sells vehicle insurance, including for automobiles, motorcycles, ATVs, and more.

2. Plaintiff purchased a single-vehicle insurance policy from USAA.

3. USAA charged Plaintiff increased premiums for **stacked** uninsured and underinsured motorist ("UM/UIM") coverage even though stacked coverage is identical to less expensive **non-stacked** UM/UIM coverage when the policy covers only a single vehicle.

4. Pursuant to Section 1738 of the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), insureds may elect either "stacked" or "non-stacked" UM/UIM coverage.

5. "'Stacking' refers to the combination of insurance coverage of individual vehicles to increase the amount of total coverage available to an insured." *Rush v. Erie Ins. Exch.*, 2021 PA Super 215, n.2 (Pa. Super Ct. 2021).

6. There are two types of stacking: **intra**policy and **inter**policy.

7. **Intra**policy stacking is the summing of the UM/UIM limits for each vehicle insured under the same policy.

8. As an example of intrapolicy stacking, if an insured has elected stacked UM/UIM coverage providing $25,000 per vehicle and has 3 vehicles insured on the policy, the total amount of UM/UIM coverage available to the insured is $75,000 (3 x $25,000=$75,000).

9. In the same situation, if an insured has elected non-stacked UM/UIM coverage of $25,000 per vehicle and 3 vehicles are insured on the policy, the total amount of UM/UIM coverage available to the insured is $25,000.

10. By definition, a single-vehicle policyholder cannot intrapolicy stack, as there is only one vehicle insured on the policy.

11. **Inter**policy stacking is the summing of the UM/UIM limits for vehicles insured under separate policies.

12. As an example of interpolicy stacking, if an insured has two separate policies in his/her household each insuring one vehicle with $25,000 stacked UM/UIM coverage, the total UM/UIM coverage would be $50,000 (2 x $25,000=$50,000).

13. In the same situation, if an insured has non-stacked UM/UIM coverage and two separate policies in his/her household each insuring one vehicle with $25,000 non-stacked UM/UIM coverage, the total UM/UIM coverage available to the insured is $25,000.

14. USAA issued vehicle insurance policies to single-vehicle policyholders who elected **stacked** UM/UIM coverage, including Plaintiff, even though that coverage was identical to **non-stacked** UM/UIM coverage.

15. Despite the identical coverage, USAA charged Plaintiff increased premiums for the stacked UM/UIM coverage, compared to the premiums he would have paid for a non-stacked UM/UIM policy providing the same amount of coverage.

16. Plaintiff would have waived stacked UM/UIM coverage and selected a non-stacked UM/UIM policy—thereby foregoing the increased premiums that USAA charges for stacked UM/UIM coverage—if Plaintiff had known that he would have actually received the same UM/UIM coverage under a non-stacked UM/UIM policy.

17. Plaintiff seeks to recover damages based on, among other things, USAA's breach of contract and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1 – 201.9.2

**PARTIES**

18. Plaintiff is a citizen of Pennsylvania and resides in Allegheny County, Pennsylvania.

19. USAA is a reciprocal insurer with its principal place of business located in San Antonio, Texas. USAA underwrites and sells motor vehicle insurance in Pennsylvania, this district, and throughout the United States.

**JURISDICTION AND VENUE**

20. The Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interests and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 class members, and some of the members of the

class are citizens of states different from Defendant.

21. This Court has personal jurisdiction over Defendant because Defendant conducts business in Pennsylvania. Defendant underwrites and sells motor vehicle insurance in Pennsylvania, rendering exercise of jurisdiction by Pennsylvania courts permissible.

22. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

**FACTUAL ALLEGATIONS**

23. At all times pertinent hereto, USAA sold motor vehicle policies subject to the MVFRL ("Pennsylvania Policies").

24. At all times as set forth herein, USAA sold Pennsylvania Policies to Plaintiff and charged an increased premium for stacked UM/UIM coverage. Copies of the pertinent portions of the Pennsylvania Policies are attached as **Exhibit A.**

25. The stacked UM/UIM coverage in the Pennsylvania Policies that USAA issued to Plaintiff provided identical coverage as USAA's policies with non-stacked UM/UIM coverage.

26. Accordingly, USAA charged increased premiums for stacked UM/UIM coverage without providing any coverage differential than its non-stacked UM/UIM coverage.

27. USAA was aware that its Pennsylvania Policies did not provide a stacking differential to Plaintiff and other single vehicle policyholders who paid for stacked UM/UIM coverage.

**CLASS DEFINITION AND ALLEGATIONS**

28. Pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), Plaintiff brings this action on behalf of himself and the proposed Class:

> All Pennsylvania citizens who are domiciled in Pennsylvania as of the date of filing of the original complaint and who are named insureds under USAA's Pennsylvania Policies, who had only one vehicle insured by USAA during any term of their policy, and who paid for stacked UM/UIM coverage from November 16, 2015, to the date of certification of the Class.

29. Excluded from the Class are: (i) Defendant, any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, predecessors, successors and assigns; (ii) governmental entities; (iii) Defendant's employees, officers, directors, agents, and representatives and their family members; (iv) all persons who make a timely election to be excluded from the class; and (v) the Judge and staff to whom this case is assigned, and any member of the Judge's immediate family.

30. Plaintiff reserves the right to expand, limit, modify, or amend the Class definition including the addition of one or more subclasses in connection with his motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

31. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in an individual action alleging the same claims.

32. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Members of the proposed Class are so numerous that the individual joinder of all absent Class members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and is in the exclusive control of Defendant, it is ascertainable by appropriate discovery. Plaintiff is informed and believes that the proposed Class includes thousands of Class members.

33. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3)**. This action involves common questions of law and fact, which predominate over

any questions affecting individual Class members. Among the questions of law or fact common to the proposed Classes are: (1) whether Defendant's practice of charging single-vehicle policyholders a premium for stacked UM/UIM coverage and offering the same stacked UM/UIM coverage to single-vehicle policyholders who select non-stacked UM/UIM policies is deceptive and creates a likelihood of confusion or misunderstanding; (2) whether Defendant's conduct, as set forth in this complaint, violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law; (3) whether Defendant breached the Pennsylvania Policies and its duty of good faith and fair dealing to Plaintiff and putative Class members; (4) whether Defendant should be enjoined from continuing to engage in the conduct alleged in this first amended complaint; and (5) whether Defendant should pay damages and in what amount. These questions and others are common to the class and predominate over individual issues. Further, the issues of fact and law applicable to the Class are identical to the issues of fact and law applicable to each individual member of the proposed Class.

34.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform, prohibited conduct described above. Plaintiff and Class members all suffered the same harm as a result of Defendant's deceptive practices. By advancing his claims, Plaintiff will also advance the claims of all Class members because Defendant's unlawful conduct caused and continues to cause all Class members to suffer similar harm.

35.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of each member of the Class because the interests of Plaintiff and each member of the Class align. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of each member of the Class and has no interest antagonistic to any member

of the Class. Plaintiff retained counsel who are competent and experienced in the prosecution of class action litigation generally and consumer and insurance coverage litigation specifically. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

36. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

37. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. There is no special interest in the members of the Class individually controlling the prosecution of separate actions. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Class treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Furthermore, Defendant underwrites and sells insurance policies and transacts substantial

business in Pennsylvania, and will not be prejudiced or inconvenienced by the maintenance of this class action in this forum.

## COUNT I
### BREACH OF CONTRACT
*On behalf of Plaintiff and the Class*

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. The Pennsylvania Policies between USAA and Plaintiff are insurance contracts.

40. Moreover, at all times relevant hereto, USAA had a duty to deal with Plaintiff on a fair and frank basis as well as to act with the utmost good faith.

41. Accordingly, implied in the Pennsylvania Policies was a duty of good faith and fair dealing on the part of USAA.

42. USAA breached the Pennsylvania Policies and its duty of good faith and fair dealing to Plaintiff, as it charged Plaintiff an increased premium for stacked UM/UIM coverage but provided him with the same coverage as provided by USAA's less expensive, non-stacked UM/UIM coverage.

43. The aforesaid breaches of the Pennsylvania Policies by USAA constitute both independent and concurrent bases for the within Count.

44. Plaintiff and the Class seek actual damages, attorneys' fees, costs, and any other just and proper relief available.

## COUNT II

### VIOLATION OF PENNSYLVANIA'S UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 Pa. Stat. § 201-1, *et seq.*
*On behalf of Plaintiff and the Class*

45. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46. Plaintiff and USAA are persons, the vehicle insurance USAA sold to Plaintiff and the Class by way of the Pennsylvania Policies are goods purchased for personal, family, and/or

household use, and USAA's conduct described herein is trade or commerce under the UTPCPL. 73 Pa. Stat. § 201-2(2)-(3), 201-9.2.

47. Pursuant to Section 1738 of MVFRL, a named insured is provided with stacked UM/UIM coverage unless that individual waives such coverage by signing the appropriate rejection form.

48. At all times relevant hereto, Plaintiff did not sign a rejection form waiving stacked UM/UIM coverage.

49. In not waiving stacked UM/UIM coverage, Plaintiff justifiably relied on that election of stacked UM/UIM coverage, expecting that USAA would provide a coverage differential between its non-stacked UM/UIM coverage so as to justify the increased premiums for stacked coverage.

50. However, USAA provided Plaintiff with coverage identical to its less expensive, non-stacked UM/UIM coverage.

51. USAA charges a premium to single-vehicle policyholders who select stacked UM/UIM coverage but provides the same UM/UIM coverage to single-vehicle policyholders who waive such coverage and pay a lower premium for purportedly non-stacked UM/UIM coverage.

52. Plaintiff would have selected—and chosen to pay a lower premium for—a non-stacked UM/UIM policy if Plaintiff had known that he would have received the same UM/UIM coverage despite waiving stacked coverage benefits.

53. USAA's conduct described herein constitutes unfair methods of competition and unfair or deceptive acts or practices under the UTPCPL because USAA: (a) caused likelihood of confusion or of misunderstanding as to the approval or certification of goods or services; (b) represented that goods or services have characteristics they do not have; (c) represented that goods

or services are of a particular standard, quality or grade, or that goods or services are of a particular style or model, if they are of another; (d) advertised goods or services with intent not to sell them as advertised; and (e) engaged in deceptive conduct which created a likelihood of confusion or misunderstanding.  73 P.S. §§201-2(4)(ii), (v), (vii), or (xxi).

54. USAA's use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce violates 73 P.S. § 201-3.

55. Plaintiff and all class members suffered ascertainable losses that necessarily flowed directly from Defendants' fraud, deceit and/or unfair practices.

56. Plaintiff and all class members justifiably relied on Defendant's knowingly false representations that Plaintiff and all class members were receiving a benefit for their payment of a larger premium.

57. Defendant's conduct in this regard was intentional, wanton, wrongful, reckless, and outrageous, and Defendant knew or should have known it was committing unfair and deceptive acts and practices in violation of the UTPCPL, which constitutes a violation of the UTPCPL

58. Plaintiff and the Class members lost money or property as a result of USAA's violations and, therefore, are entitled to damages under 73 P.S. §201-9.2, as well as reasonable costs and attorneys' fees and such additional relief the Court deems necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays that the Court enter an Order:

(a) Certifying this case as a class action defined above, appointing Ronald Padolf as Class Representative, and appointing his counsel as Class Counsel;

(b) Declaring that USAA's actions described herein constitute breaches of its contracts and its duty of good faith and fair dealing to the Class members, and a violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law;

(c) Awarding injunctive and other equitable relief as necessary to protect the interests of the Class members, including, *inter alia*, an order prohibiting USAA from engaging in the wrongful and unlawful acts described herein;

(d) Awarding the greater of actual damages, including the profits derived from the wrongful and unlawful acts described herein, or statutory damages, to the Class members;

(e) Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

(f) Awarding Plaintiff and the Class pre- and post-judgment interest; and

(g) Granting such other and further relief as the Court deems equitable and just.

Dated: February 14, 2022                                    Respectfully submitted,

*/s/ Edwin J. Kilpela*
Edwin J. Kilpela, Jr. (PA 201595)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel.: 412.322.9243
Fax: 412.231.0246
ekilpela@lcllp.com

William M. Radcliffe (PA 18148)
**RADCLIFFE LAW, L.L.C.**
648 Morgantown Road, Suite B
Uniontown, PA 15401
Tel.: 724.439.3939
Fax: 724.439.3949
wmr@radlaw.net

Kevin W. Tucker (PA 312144)
Kevin Abramowicz (PA 320659)
Chandler Steiger (PA 328891)
Stephanie Moore (PA 329447)
**EAST END TRIAL GROUP, LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA  15208
Tel: 412.223.5740
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

## **CERTIFICATE OF SERVICE**

I, Edwin J. Kilpela, Jr., hereby certify that on February 14, 2022, the foregoing First Amended Complaint was served on counsel of record for all parties via the Court's ECF filing system

*/s/ Edwin J. Kilpela*